IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT LEWIS RENDELMAN, #24628-037, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-927-MJR ) |
| FEDERAL BUREAU OF PRISONS, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Scott Lewis Rendelman, an inmate at the United States Penitentiary-Marion ("Marion"), brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiff has also filed a motion for leave to proceed *in forma pauperis* in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. (Doc. 2). *See* 28 U.S.C. § 1914(a).[1] Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* is denied.

Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but he is nonetheless barred by 28 U.S.C. § 1915(g). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  On these grounds, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) must be denied.

On the court-provided *in forma pauperis* application form, Plaintiff claims that he has not begun any other lawsuits in state or federal court relating to his imprisonment.  *See* Doc. 2, p. 3. Court documents are, however, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).  Documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveal that Plaintiff has, in fact, already filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim: *Rendelman v. Badger*, Case No. 08-1812 (N.D. Ohio, dismissed Nov. 25, 2008); *Rendelman v. Weirlich*, Case No. 09-cv-964 (S.D. Ill., dismissed May 13, 2010); and *Rendelman v. Neumann, et al*, Case No. 11-cv-245-MJR (S.D. Ill., dismissed Jan. 4, 2012).  Because Plaintiff already has three "strikes"

for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

The present complaint is devoid of allegations that might lead the Court to conclude that Plaintiff is in imminent danger of serious physical injury. In fact, Plaintiff himself makes no such claim. Instead, the basis of Plaintiff's claim is that his First Amendment rights have been violated because prison officials refuse to mail a letter he wrote because they contend it encourages activities that may lead to the use of physical violence. Doc. 1, p. 5. As such, Plaintiff's claims do not meet the exception to the three strikes rule.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus, he cannot proceed *in forma pauperis* in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* in this case (Doc. 2) is **DENIED**. It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-**

one **(21) days** of the date of entry of this Order.  If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff is **ADVISED** that his obligation to pay the $400.00 filing fee for this action was incurred at the time the action was filed. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: September 18, 2015**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**